1  KAREN P. HEWITT
   United States Attorney
2  SANDRA B. RIGGS
   Special Assistant U.S. Attorney
3  Attorney No. SrA5500943
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6958
   Facsimile: (619) 557-5004
6  Email:sandra.riggs2@usdoj.gov

7  Attorneys for the Plaintiff

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11  THE UNITED STATES OF AMERICA,        )   Case No.:  08cv1227-L (POR)
                                         )
12              Plaintiff,               )   EX PARTE APPLICATION
                                         )   FOR IMMEDIATE DELIVERY
13         v.                            )   OF POSSESSION
                                         )   [ 40 U.S.C. § 3114]
14  0.31 ACRES OF LAND, MORE OR LESS,    )
    SITUATE IN SAN DIEGO COUNTY,         )
15  STATE OF CALIFORNIA; AND, ESTATE OF  )
    SAMUEL SALAZAR, DECEASED, MARIA      )
16  SALAZAR, et al.                      )
                                         )
17                                       )
                Defendants.              )
18                                       )

19         COMES NOW the Plaintiff, the United States of America, and applies, ex parte, for an order

20  requiring all defendants to this action and any and all persons in possession or control of the property

21  described in the Complaint and Declaration of Taking filed herein to surrender possession of said

22  property, to the extent of the estate condemned, to the Plaintiff.

23                                    I

24                             **INTRODUCTION**

25         Plaintiff, the United States of America ("United States"), hereby files this memorandum in

26  support of its motion for an order for delivery of possession. The United States is requesting possession

27  to the extent of the estate condemned, a perpetual and assignable easement and right-of-way described

28  in Schedule E of the Complaint in Condemnation, over and across the land described in Schedule C of

1   said Complaint (herein "Easement"). This Easement to construct, operate, maintain, alter and replace
2   a road and appurtenances thereto, together with the right to trim or remove any vegetative or structural
3   obstacles that interfere with the right-of-way, is a necessary step in implementing the congressional
4   directive to secure the border between the United States and Mexico. Accordingly, the United States
5   respectfully requests this Court to immediately enter an Order of Possession.

6                                                    **II**

7                                                 **FACTS**

8          Pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114, and Rule 71.1 (formerly Rule 71A)
9   of the Federal Rules of Civil Procedure, the United States filed a complaint and declaration of taking
10  on July 9, 2008, to acquire the Easement. On July 29, 2008, the United States deposited with the Clerk
11  of the Court a check representing the estimated just compensation. The Easement taken is subject to
12  minerals and rights appurtenant thereto, and to existing easements for public roads, highways, public
13  utilities, railroads and pipelines; and reserves to the owners, their successors and assigns, the right to use
14  the surface of such land as access to their adjoining land or for any other use consistent with its use as
15  a road.· See Declaration of Taking, Schedule "E").

16         Funding for the Easement sought in this action was appropriated by the 2007 Department of
17  Homeland Security Appropriations Act. Declaration of Taking, Schedule "A;" see Pub. L. 109-295,
18  Title II, 120 Stat. 1355 (2006) (appropriating funds). The United States has deposited $8,192.00 as
19  estimated just compensation.

20                                                  **III**

21                                             **ARGUMENT**

22         A.     Because It Has Acquired this Property Under the Declaration
                  of Taking Act, the United States Is Entitled to Immediate Possession
23

24         The United States initiated this case by filing a declaration of taking and depositing estimated
25  just compensation into the registry of the Court, as required by the Declaration of Taking Act ("Act"),
26  40 U.S.C. § 3114 (formerly 40 U.S.C. §258a). The filing and deposit immediately vest title to the estate
27  condemned in the subject property in the United States. See 40 U.S.C. § 3114 (b)(1). The Act
28  specifically provides that upon the filing of the declaration of taking, "the court may fix the time within

1  which, and the terms on which, the parties in possession shall be required to surrender possession to the

2  petitioner . . . ." 40 U.S.C. § 3114(d)(1).

3      The purpose of the Declaration of Taking Act is to give the government immediate possession

4  of the property and give the owner immediate compensation, in the form of estimated compensation, in

5  return for title to the land. United States v. Miller, 317 U.S. 369 (1943). As the Court explained:

6       The purpose of the statute is twofold.  First, to give the Government immediate
        possession of the property and to relieve it of the burden of interest . . . . Secondly, to
7       give the former owner, if his title is clear, immediate cash compensation to the extent of
        the Government's estimate of the value of the property.

8

9  Id. at 381 (emphasis added).  The transfer of title is immediate upon the filing of the declaration and

10  deposit of estimated just compensation.  See, e.g., Catlin v. United States, 324 U.S. 229, 238 (1945)

11  (holding that a landowner may not delay or prevent the vesting of title by an interlocutory appeal);

12  United States v. 191.07 Acres of Land, 482 F.3d 1132, 1136 (9th Cir. 2007)(noting that "title and right

13  to possession vest immediately" upon United States' filing of the declaration and deposit of funds).

14      The Supreme Court reaffirmed that the Declaration of Taking Act immediately confers to the

15  United States title and a right to possession of the property in Kirby Forest Industries, Inc. v. United

16  States, 467 U.S. 1 (1984).  There it reviewed the methods by which the United States may appropriate

17  property, primarily comparing use of a declaration of taking with a "straight-condemnation" proceeding.

18  Id. at 3-5.  In a "straight-condemnation" the United States only files a complaint in condemnation and

19  only acquires title after the determination and payment of just compensation.

20      In contrast, the Court noted that the Declaration of Taking Act  is "[a] more expeditious

21  procedure . . . ."  Id.  The Court held that upon the filing of a declaration of taking and deposit of

22  estimated just compensation, "[t]itle and right to possession thereupon vest immediately in the United

23  States." Id. at 5.  It later explained, in further distinguishing a "straight-condemnation" case from one

24  brought under 40 U.S.C. § 3114, that the adoption of the Declaration of Taking Act was "for the purpose

25  of affording the Government the option of peremptorily appropriating land prior to final judgment,

26  thereby permitting immediate occupancy . . . ." Id. at 12.  Finally, as more recently stated in Narramore

27  v. United States, 960 F.2d 1048, 1050 (Fed Cir. 1992), Congress enacted the Declaration of Taking Act

28  "[t]o give the Federal Government immediate possession of condemned property and to avoid delays

1  in federal construction projects." Id.  Accordingly, because the United States has acquired the property

2  at issue under the Declaration of Taking Act, the United States is entitled to immediate possession of

3  the property.  See Miller, 317 U.S. at 381; Kirby Forest Indus., 467 U.S. at 5, 12; Schneider v. County

4  of San Diego, 285 F.3d 784, 792 (9th Cir. 2002)(observing that the Declaration of Taking Act enables

5  the United States to "exercise quickly its power of eminent domain . . .").

6          B.      The Ninth Circuit Has Specifically Approved Entry of Ex Parte Orders
                   of Possession for Property Acquired Under the Declaration of Taking Act
7

8          The Ninth Circuit has specifically approved entry of ex parte orders of possession of the estate

9  taken.  In United States v. 0.95 Acres of Land, 994 F.2d 696 (9th Cir. 1993), the United States had filed

10  a declaration of taking and deposited estimated just compensation in order to acquire privately owned

11  roads adjacent to a national forest.  Id. at 697.  An ex parte order of possession was granted.  The

12  landowners then moved to vacate the declaration of taking and order of possession, based on the

13  government's non-compliance with the National Environmental Policy Act ("NEPA").  The district court

14  granted the landowners' motion and the government appealed.  The Ninth Circuit reversed, holding that

15  non-compliance with NEPA was not a defense to a taking.  Id. at 699.  In so holding, the appellate court

16  specifically recited the procedure to be followed in granting an order of possession:

17          In this type of condemnation proceeding, the United States files a declaration of
            taking in the district court pursuant to the Declaration of Taking Act, 40 U.S.C. 258a et
18          seq., and deposits funds with the district court.  The district court may then enter an ex
            parte order of possession.  At approximately the same time, the United States files a
19          complaint . . . . The private property owner may now answer.  The decision of the trial
            court that the United States has the right to possession of the property under a declaration
20          of taking is not a final, appealable decision.

21  994 F.2d at 698 (citing Catlin, 324 U.S. at 232) (emphasis added).  Thus, the Ninth Circuit in this 1993

22  opinion described as an appropriate procedure the entry of an ex parte order of possession.

23          Here, in keeping with the decision in 0.95 Acres of Land, the Court should similarly grant the

24  United States an ex parte order of possession.

25          Furthermore, the landowners may continue to use the property during this time, so long as that

26  use does not interfere with the United States' Easement to construct, operate, maintain, alter and replace

27  a road and appurtenances upon it.

28          Based upon these facts and the case law, it is proper for this Court to grant possession to the

1  United States.

2      C.    The United States Needs Immediate Possession in Order to Meet the Congressional
            Directive to Construct Fencing by December 31, 2008.

3

4          The United States needs immediate possession of a the Easement in, over and across the subject

5  property in order to meet the congressional directive to construct fencing and related infrastructure along

6  the southwest border by December 31, 2008.  Consolidated Appropriations Act, 2008, Pub. L. 110-161,

7  121 Stat. 1844 (2007) (amending section 102 of the Illegal Immigration Reform and Immigrant

8  Responsibility Act of 1996).    Signed into law on December 26, 2007, the 2008 Consolidated

9  Appropriations Act directs the Secretary of Homeland Security to "identify [locations] along the

10  southwest border where fencing would . . . most effective[ly] deter[] smugglers and aliens attempting

11  to gain illegal entry into the United States . . . ." Id.  The 2008 appropriation further directs the Secretary

12  to complete construction of fencing in these locations "not later than December 31, 2008." Id.

13          The United States requires the Easement in, over and across the subject property in order to

14  locate, construct, operate, maintain, alter and replace a road and appurtenances thereto needed to comply

15  with Congress' directive.    Affidavit in Support of Motion for Immediate Possession, attached; see

16  Consolidated Appropriations Act, 2008, Pub. L. 110-161, 121 Stat. 1844 (establishing construction

17  deadline for fence and related infrastructure); 2007 Department of Homeland Security Appropriations

18  Act, Pub. L. 109-295, Title II, 120 Stat. 1355 (appropriating funds for current taking).  As a result,

19  acquiring immediate possession of the Easement in, over and across the property for the United States

20  is a necessary step toward meeting the construction deadline established by Congress.  Because of the

21  United States' demonstrated need for immediate access, this Court should grant immediate possession

22  of the Easement in, over and across subject property.

23  //

24  //

25  //

26  //

27  //

28  //

**IV.**

**CONCLUSION**

Based on the foregoing, the United States of America submits that it is entitled to entry of an order of immediate possession as requested in its motion.

DATED: August 18, 2008                    Respectfully submitted,

                                          KAREN P. HEWITT
                                          United States Attorney

                                          s/ Sandra B. Riggs

                                          SANDRA B. RIGGS
                                          Special Assistant U.S. Attorney
                                          Attorneys for Plaintiff

6

KAREN P. HEWITT
United States Attorney
SANDRA B. RIGGS
Attorney No. srA5500943
Special Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6958
Facsimile: (619) 557-5004
Email: Sandra.Riggs2@usdoj.gov
Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | Case No.: 08cv1227-L (POR) |
| Plaintiff, | ) | |
| | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| 0.31  ACRES OF LAND, MORE OR LESS, | ) | |
| SITUATE IN SAN DIEGO COUNTY, STATE OF | ) | |
| CALIFORNIA; and ESTATE OF SAMUEL | ) | |
| SALAZAR, DECEASED, MARIA SALAZAR, | ) | |
| ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of:

-EX PARTE APPLICATION FOR IMMEDIATE DELIVERY OF POSSESSION
-AFFIDAVIT IN SUPPORT OF MOTION FOR IMMEDIATE POSSESSION TO CONSTRUCT

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

n/a

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participant on this case:

-see attached service list

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2008.

Tricia R. Lamb

2

NAMES AND ADDRESSES OF INTERESTED PARTIES

Maria Salazar
4002 Lorraine Ann Drive
La Mesa, CA 91941

Estate of Samuel Salazar
Personal Representative and address unknown

San Diego Rural Fire Protection District Community
  Facilities District No. 04-1
14145 Highway 94
Jamul, CA 91935

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | AFFIDAVIT IN SUPPORT OF MOTION |
| Plaintiff, | ) | FOR IMMEDIATE POSSESSION TO |
| vs. | ) | CONSTRUCT |
| 0.31 ACRES OF LAND, MORE OR LESS, | ) | |
| SITUATE IN SAN DIEGO COUNTY, STATE OF | ) | |
| CALIFORNIA; AND SAMUEL AND MARIA SALAZAR, | ) | CIVIL NO.    08cv1227-L (POR) |
| ET AL. | ) | |
| Defendants | ) | |

I, Gregory A. Gephart, hereby declare as follows:


    1.  I am employed as the Secure Border Initiative's Deputy Program
Manager for Tactical Infrastructure, with U.S. Customs and Border Protection,
U.S. Department of Homeland Security.  I make this declaration based on my
personal knowledge of the matters recited, or based upon information
available to me from the files maintained by my office in this matter.


    2.  The United States has a vital interest in controlling its
international borders.  As part of the ongoing effort to secure the borders
and reduce illegal immigration, Congress has ordered the construction of
various types of fencing, additional physical barriers, roads, lighting,
cameras, sensors and related infrastructure along the United States'
southwestern border.  Illegal Immigration Reform and Immigrant Responsibility
Act of 1996 ("IIRIRA"), Public Law 104-208, Div. C, 110 Stat. 3009-546, 3009-
554 (Sept. 30, 1996) (2000), codified as amended by the REAL ID Act of 2005,

Public Law 109-13, Div. B, 119 Stat. 231, 302, 306 (May 11, 2005) , the

Secure Fence Act of 2006, Public Law 109-367, § 3, 120 Stat. 2638 (Oct. 26,

2006), and the 2008 Consolidated Appropriations Act, Public Law 110-161, Div.

E, Title V, § 564 (Dec. 26, 2007), at 8 U.S.C. § 1103 and note.

   3.  In addition, Section 102(b) of IIRIRA directs the Secretary of

Homeland Security to identify locations where such infrastructure would be

most practical and effective in deterring smuggling and illegal entry and to

complete construction in those locations no later than December 31, 2008.

   4.  My agency has determined that the subject property is an

appropriate location for construction of fence and related infrastructure.

The United States requires immediate access to the subject land so that it

can begin the construction.  Immediate access to the subject land will assist

the United States in accomplishing the congressional mandate to construct

fencing no later than December 31, 2008, as set forth in Section 102(b) of

IIRIRA.

   5.  The United States has awarded or is in the process of awarding task

orders and issuing notices to proceed with material acquisition, fabrication

and all other activities that do not require access to the property.  Notice

to proceed with construction of fence and related infrastructure is pending

availability of this subject land.   Thus, if possession is not granted

immediately, the United States may incur significant monetary damages arising

from delayed start of construction in addition to jeopardizing the December

31, 2008 completion date mandated by Congress in Section 102(b) of IIRIRA.

I declare, pursuant to 28 U.S.C. § 1746, that the above information is true and correct to the best of my knowledge, information, and belief, under penalty of perjury.  I further declare that this Declaration was executed on this on this 21st day of May, 2008, in Washington, D.C.

Gregory A. Gephart